# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| CAM LOGIC, INC., | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 2:16-cv-10802-BAF-DRG |
| BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants Bank of America, N.A. and Bank of America Corporation,[1] by and through their counsel, and hereby file their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Pursuant to Local Rule 7.1, counsel for the Defendant requested concurrence in this motion from counsel for the Plaintiff, which concurrence was denied.

In support of this Motion to Dismiss, Defendants incorporate the Memorandum of Law filed herewith.

WHEREFORE, Defendants respectfully request that the Court grant their Motion and grant such other relief as it deems appropriate.

---

[1] Plaintiff names Bank of America Corporation as a Defendant; however, Bank of America Corporation is a holding company and not a proper party to this lawsuit. Bank of America, N.A. maintains the accounts in question and therefore is the proper party to this action.

2

Dated: March 14, 2016

Respectfully submitted,

/s/  *Gary J. Galopin*
Gary J. Galopin (P-31981)
GARY J. GALOPIN, P.C.
333 W. 7th, Suite 140
Royal Oak, Michigan 48067
(586) 214-2117
ggalopin@gmail.com

*Counsel for Defendant Bank of America, N.A. and Bank of America Corporation*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CAM LOGIC, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BANK OF AMERICA, N.A. and BANK OF ) <br> AMERICA CORPORATION ) <br> ) <br> Defendants. ) <br> ) | CASE NO. 2:16-cv-10802-BAF-DRG |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPPORT OF MOTION TO DISMISS**

NOW COME Defendants Bank of America, N.A. ("BANA") and Bank of America Corporation[2] ("BAC"), by and through their counsel, and hereby file their Memorandum of Law in Support of Motion to Dismiss.

### INTRODUCTION

This lawsuit arises out of alleged fraudulent withdrawals from Plaintiff's banking account with BANA by Plaintiff's own employee, Shavon Westley. Indeed, Plaintiff describes the lawsuit as arising out of a clever scheme by Plaintiff's former employee whereby she forged endorsements and manipulated company records allowing her to deposit 91 checks into her own account. Based on the fraud by its own employee, Plaintiff asserts the following claims: (1) UCC violation; (2) statutory conversion; (3) common law conversion; (4) negligence; (5) breach

---

[2] Plaintiff names Bank of America Corporation as a Defendant; however, Bank of America Corporation is a holding company and not a proper party to this lawsuit. Bank of America, N.A. maintains the accounts in question and therefore is the proper party to this action.

3

of contract; and (6) unjust enrichment.  However, this dispute is governed by Article 4 of the UCC and Plaintiff's non-UCC claims cannot be sustained as separate claims.  Plaintiff's conversion claims also fail because Plaintiff's own allegations establish that Ms. Westley converted the checks, not BANA.  Moreover, because the parties' relationship is governed by contract, Plaintiff cannot state a claim for unjust enrichment based on alleged banking fees charged by BANA.  Finally, Plaintiff's UCC claim is not supported by sufficient allegations to state a claim.  Accordingly, the Court should grant BANA's Motion to Dismiss and dismiss this lawsuit with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

Plaintiff maintains a business account with BANA.  Compl., ¶ 6.  In 2010, Plaintiff hired Ms. Westley as an administrative assistant and Plaintiff eventually promoted Ms. Wesley to office manager.  Id., ¶ 11.  Part of Ms. Westley's duties as Plaintiff's office manager were to process orders, prepare invoices and deposit customer payments into Plaintiff's business account with BANA.  Id.  At some unidentified point after being hired by Plaintiff, Ms. Westley initiated a scheme whereby she forged endorsements on 91 customer checks made payable to Plaintiff and deposited the checks into her own account.  Id., ¶ 13.  Ms. Westley's scheme spanned eighteen months; however, Plaintiff allegedly did not discover that 91 checks had been converted by Ms. Westley until September 24, 2014.  Id., ¶ 14.

After finally discovering the lengthy scheme, Plaintiff initiated a criminal investigation against Ms. Westley.  Id., ¶ 15.  On April 1, 2015, Ms. Westley confessed and entered a guilty plea to forgery and embezzlement.  Id.  Ms. Westley currently is serving a prison sentence.  Id.

---

[3] The facts in this Section are taken from the Complaint and are accepted as true only for purposes of BANA's Motion to Dismiss.

Plaintiff filed this lawsuit on January 14, 2016 and Defendants timely removed the lawsuit to this Court on March 7, 2016. Docs. 1, 1-1.

## APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court should grant a motion to dismiss "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The United States Supreme Court clarified a plaintiff's pleading obligations in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). To survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Twombly, 550 U.S. at 555.

A plaintiff's complaint must be dismissed if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face" such that plaintiff has "nudged his claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. However, "[the Court] need not adopt a legal conclusion couched as a factual allegation." Republic Bank & Trust Co. v. Bear Stearns & Co., 683 F.3d 239, 246 (6th Cir. 2012). As demonstrated below, Plaintiff's Complaint does not survive under this standard of review.

## ARGUMENT

**I.    This dispute is governed by Article 4 of the UCC and Plaintiff's non-UCC claims cannot be sustained (Counts II-VI).**

This dispute is governed by Article 4 of the UCC and Plaintiff cannot state independent claims for conversion, negligence, breach of contract and unjust enrichment arising out of the parties' relationship as bank and customer. Indeed, the UCC controls when a customer alleges that a bank breached its obligation to properly pay an item and, absent facts establishing some other duty owed by the bank to the customer, the customer is limited to claims based on the duties imposed by the UCC. Siecinski v. First State Bank of E. Detroit, 531 N.W.2d 768, 771 (Mich. App. 1995). Here, there can be no dispute that Plaintiff and BANA's banking relationship is governed by the UCC. Indeed, Plaintiff specifically acknowledges this fact by asserting the UCC claim pursuant to MCL 440.4101. Compl., ¶¶ 25-26. Moreover, Plaintiff offers no allegations (and cannot establish) that BANA owed it any duty outside of the banking relationship. See generally Compl. Because this case is governed by Article 4 of the UCC, Plaintiff cannot state separate claims, but is limited by the express rights and duties in Article 4 and the Court should dismiss Plaintiff's non-UCC claims on this basis.

**II.   Plaintiff's conversion claims fail based on Plaintiff's own allegations (Counts II-III).**

Plaintiff's own allegations establish that Plaintiff's former employee, Ms. Westley, converted the 91 checks at issue, not BANA. In Michigan, "[c]onversion, both at common law and under the statute, is defined as any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." Aroma Wines & Equip., Inc. v. Columbian Distribution Servs., Inc., 844 N.W.2d 727, 730 (Mich. App. 2013) aff'd and remanded sub nom. Aroma Wines & Equip, Inc. v. Columbian Distribution Servs., Inc., 871 N.W.2d 136 (Mich. 2015). Here, Plaintiff specifically alleges that "Ms. Westley confessed to

6

endorsing 91 customer checks payable to CAM Logic and depositing them into her own personal account to fund her illegal prescription drug addiction." Compl., ¶ 15. Accordingly, both of Plaintiff's conversion claims fail because Ms. Westley and not BANA exercised control over the 91 checks at issue. Accordingly, the Court should dismiss Plaintiff's conversion claims.

### III. Plaintiff cannot state a claim for unjust enrichment (Count VI).

Plaintiff cannot state a claim against BANA for unjust enrichment because Plaintiff alleges that the parties' relationship is governed by contract. To sustain a claim of unjust enrichment, a plaintiff must show "(1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." Belle Isle Grill Corp. v. City of Detroit, 666 N.W.2d 271, 280 (Mich. App. 2003). "When unjust enrichment exists, the law operates to imply a contract in order to prevent it. However, a contract will be implied only if there is no express contract covering the same subject matter." Keywell & Rosenfeld v. Bithell, 657 N.W.2d 759, 776 (Mich. App. 2002).

Here, Plaintiff contends that BANA is unjustly enriched because it charged Plaintiff fees "during the course of the parties' relationship." Compl., ¶ 48. However, Plaintiff also specifically alleges that the relationship between Plaintiff and BANA is governed by a written agreement. Id., ¶¶ 44. Because the parties' relationship is governed by contract, Plaintiff cannot state a claim for unjust enrichment based on alleged fees charged during the course of the contractual relationship.[4] Therefore, the Court should dismiss Plaintiff's claim for unjust enrichment.

### IV. Plaintiff's UCC and breach of contract claims are not supported by sufficient allegations to state a claim (Counts I and IV).

---

[4] Plaintiff's unjust enrichment claim also is conclusory and unsupported by any factual allegations. Plaintiff simply contends that some unidentified fees were not justified but does not identify the fees or how the fees actually were unreasonable.

Plaintiff's UCC and breach of contract claims are not supported by specific factual allegations, but impermissibly are based on bare legal conclusions. "Rule 8 demands more than an unadorned, the defendant-unlawfully-harmed me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." BASIL PERRY, #261718, Plaintiff, v. MONROE CO., JOHN DOE INSUR. CO., Defendants., No. 2:16-CV-10764, 2016 WL 895072, at *1 (E.D. Mich. Mar. 9, 2016). Accordingly, "unadorned, conclusory allegations of harm, with no factual enhancement, fail to state a claim for relief." Ybarra v. Wells Fargo, No. 2:12-CV-12293, 2013 WL 593854, at *4 (E.D. Mich. Jan. 18, 2013) report and recommendation adopted, No. 12-12293, 2013 WL 593482 (E.D. Mich. Feb. 15, 2013). "[W]hen a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." Gernhardt v. Winnebago Indus., No. 03-73917, 2006 WL 334242, at *2 (E.D. Mich. Feb. 13, 2006).

Here, Plaintiff asserts an Article 4 UCC claim but fails to identify what "obligations and duties" BANA allegedly violated and simply concludes that BANA is liable for damages under Article 4 generally. Compl., ¶¶ 25-26. Likewise, Plaintiff attempts to assert a breach of contract claim, but does not affirmatively allege the existence of a contract between Plaintiff and BANA or how BANA violated specific terms of the contract. Id., ¶¶ 44-45. These types of unadorned conclusory allegations are not sufficient to state claims for violation of Article 4 of the UCC and breach of contract. As a result, the Court should dismiss Plaintiffs' UCC and breach of contract claims for failing to meet the pleading requirements of Fed. R. Civ. P. 8.

## CONCLUSION

Based on the foregoing, the Court should grant BANA's Motion to Dismiss and grant such further relief as may be appropriate.

Dated: March 14, 2016            Respectfully submitted,

/s/ *Gary J. Galopin*
Gary J. Galopin (P-31981)
GARY J. GALOPIN, P.C.
333 W. 7th, Suite 140
Royal Oak, Michigan 48067
(586) 214-2117
ggalopin@gmail.com

*Counsel for Defendant Bank of America, N.A. and Bank of America Corporation*

9

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY on March 14, 2016, I filed the foregoing document electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic filing:

Thomas D. Noonan (P60450)
Richard G. Strenger (P55057)
**STRENGER & NOONAN, PLLC**
22 West Flint Street
Lake Orion, Michigan 48362
(313) 938-8307
*Attorneys for Plaintiff*

                                        /s/  *Gary J. Galopin*
                                        Gary J. Galopin (P-31981)